PROVIDENT SAVINGS LIFE ASSURANCE SOCIETY OF NEW YORK v. FLORENCE S. OLIVER.

Decided October 11, 1899.

**1. Life Insurance—Waiver of First Payment by Agent.**

Where a policy of life insurance provides that it shall not go into effect until the first premium has been paid in cash by the assured, and that no agent of the company has power to waive this requirement, and it is shown that the local agent had frequently and for several years taken notes for the first premium, and that this practice was known to the company's general agent, and no disapproval thereof was shown, such waiver will be binding on the company.

**2. Same—Statements as to Health—Warranty.**

Where an application for insurance provided that the statements therein are material and warranted to be true, and if untrue the policy shall be void, and to a

question as to when and what sickness he had last been treated the assured answered "biliousness, 18 months ago," and on a subsequent examination he answered that it was "about two years ago," such discrepancy, apparent to the company on the face of the papers before the insurance was made, will be held immaterial and as not within the intent of the warranty.

APPEAL from Harris.   Tried below before Hon. WILLIAM H. WILSON.

*Coke & Coke,* for appellant.

*Jones & Garnett* and *W. C. Oliver,* _or appellee.

JAMES, CHIEF JUSTICE.—The facts which in our opinion are decisive of this case, without reference to other facts, are as follows:

A. M. Lawson was appellant's local agent to solicit insurance, take applications, deliver policies, and collect premiums.

.   The policies delivered by him on behalf of appellant to I. H. Oliver, upon the latter's life, being the policies in question, were delivered by him as effective insurance policies from the date of delivery.

The policies contained provisions as follows:   "This policy does not go into effect until the first premium hereon has been actually paid during the lifetime and good health of the within named assured."   "Agents are not authorized to make, alter, or discharge the contract, or to waive any forfeiture thereof, or to grant permits, or to estimate dividends, or to bind the society in any way, or to receive for premiums anything except cash."

In this instance the agent waived the payment of cash in respect to the first premium for each policy, and upon delivery of the policies accepted the insured's four notes therefor, payable to A. M. Lawson, agent of defendant company, one payable thirty days after date, one October 1, 1897, one November 1, 1897, and one December 1, 1897, and when the first of these notes became due Lawson, as agent of defendant, agreed to an extension of same to August 30, 1897.   The insured died on August 30, 1897, the notes being unpaid, with the exception of a payment of $5.

It being contended (upon another issue) that the policies were void because of false answers in the assured's application as to the question, "When and by what physician were you last attended, and for what complaint?   Answer fully and specifically," we state the facts bearing on this issue as follows:

On May 27, 1897, Oliver made a written application for this insurance, it consisting of three parts, viz., part 1, part 2, and part 3, in which, among other things, the above question was propounded and answered in part 2 as follows:   "Biliousness, Dr. Scott, 18 months ago."   Parts 2 and 3 not being satisfactory, defendant required a further medical examination, and in another set of answers to part 2 the same question appears to be answered thus, "About two years ago, by Dr. J. W. Scott, for slight biliousness."

The application provided that all the statements and representations in

parts 1 and 2 were material and shall be true, and with the stipulated premiums shall be the sole consideration of this contract, * * * and "if any concealment or fraudulent or untrue statement or representation be made, * * * said insurance shall become null and void." And at end of part 2, immediately above assured's signature, it states, "I do hereby declare that I have read and understood all of the above provisions and the answers thereto, and that they are made part of my application for assurance by the Provident Savings Life Assurance Society of New York, and I hereby warrant said answers to be true."

It was admitted that Dr. J. W. Scott had attended Oliver for biliousness on or about November 2, 1895.

It was also a fact found by the District Court, from evidence in this record, that R. B. Parrot was at the time these policies were issued and for several years previous had been the defendant's general agent in Texas and other States and Territories, and that the act of taking the notes for premiums was within the scope of the authority conferred on Lawson by the former, and that the assured had in 1896 taken out like policies upon his life in defendant company through Lawson, and notes were taken for the premiums as in this instance, and that such notes were collected by Parrot. There was evidence that this was a practice for several years prior to the date of the policies in question known to and approved by Parrot, and that no disapproval of this practice by the company was known to this assured. There was evidence that it was the general practice among all agents to take notes for premiums.

*Conclusions of Law.*—1. The doctrine declared by the Supreme Court in Wagner v. Insurance Company, 50 Southwestern Reporter, 569, and Insurance Company v. Lee, 73 Texas, 646, goes to sustain, in favor of plaintiff, the question of the power of this agent to waive the requirement that the premiums should be paid in cash in order for the policies to have effect, although the policies as written denied him such authority. As to the point here involved, we perceive no difference between an agent for fire insurance and one for life insurance. It was in a function of the agent, to wit, the delivery of the policies and the collection of the premiums, that he acted and made the waiver. And it is stated in Insurance Company v. Lee, above, "If the act is within the scope of the authority of the agent at the time it is done, it will be binding on the corporation, without reference to its conformity to restrictions contained in the policy."

The Wagner case probably intended to confine the rule announced to an agent exercising the general powers of the company. If this be so, it would still apply in the present case, inasmuch as the general agent, Parrot, had by his conduct on former occasions approved and authorized such acts of local agent, and the waiver would be considered as if he had been present and acting. Under evidence in this record the agent Parrot had apparent authority to waive the provision in question. His course of dealing in the management of the company's business, in this respect, extending over the period indicated by the testimony, would

naturally be taken by the public as having received the company's sanction. This, to a person knowing nothing to the contrary, would be tantamount to actual authority to make the waiver.

2. The statement in the application that applicant had been treated by Dr. Scott for biliousness eighteen months previous, could not be held as untrue, where the evidence does not show the exact date of the treatment, but shows it to have been *about* November 2, 1895, and the period between that date and the date of the application was slightly in excess of the period stated. But upon a subsequent examination the same question was asked, and the assured answered that it was about two years previous to that date. This answer does not attempt to give the specific time, nor is the evidence specific as to the date of the treatment by Dr. Scott. Both answers were before the defendant, they were conflicting, and both could not have been strictly true; still the policy was issued. Under these circumstances we conclude that it is apparent that it was not contemplated by the parties that the statements regarding this matter should have been literally true in order for the contract to be a valid one. It should therefore not be treated as a warranty. Assurance Co. v. Munger, 49 S. W. Rep., 225. The judgment is affirmed.

*Affirmed.*