BROOCKS v. MOSS et al.   (No. 6786.)

(Court of Civil Appeals of Texas.   Galveston.
March 24, 1915.   Rehearing Denied
April 8, 1915.)

1. CONTRACTS ⊜162—CONSTRUCTION—MEANING OF LANGUAGE.

The court, in construing a written contract, must construe the entire writing, and if possible harmonize all the provisions.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 744;   Dec. Dig. ⊜162.]

2. LOGS AND LOGGING ⊜3—CONVEYANCE OF STANDING TIMBER—CONSTRUCTION.

A deed of standing timber, which gave the grantee the right to cut and remove the timber within a specified time, and an additional term, or so much thereof as might be required, on payment of a specified sum per acre per annum for each additional year that might be taken to remove the timber beyond the original time, gave the grantee the specified years in which to remove the timber and the additional time, or so much thereof as might be necessary;  but, if the timber was removed in less than the specified time, the rights of the grantee terminated on such removal.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 6–12;  Dec. Dig. ⊜3.]

3. LOGS AND LOGGING ⊜3—CONVEYANCE OF STANDING TIMBER—RIGHTS ACQUIRED.

A deed of standing timber, which gives the grantee the right to cut and remove the timber within a specified period and so much additional time as may be required, on making a specified payment to remove the timber, limits the time to cut and remove the timber, and the grantee must exercise the right within that time.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 6–12;  Dec. Dig. ⊜3.]

4. LOGS AND LOGGING ⊜3—SALE OF STANDING TIMBER—RIGHTS OF PURCHASER.

Where a grantee of standing timber, to cut and remove the same within a specified period, cut the timber within the period, the timber cut became personalty, and title passed to the grantee on the severance, the price being paid in advance, and the owner could not appropriate the timber cut, but not removed, within the period.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 6–12;  Dec. Dig. ⊜3.]

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Tyler County; A. E. Davis, Judge.

Action by Jack Moss and another against John H. Broocks and others. From a judgment for plaintiffs, defendant named appeals. Affirmed in part, and reversed and rendered in part.

V. A. Collins, of Beaumont, and Joe W. Thomas, of Woodville, for appellant. Mooney & Sholars, of Woodville, for appellees.

McMEANS, J. On August 16, 1905, Jack Moss and his wife, L. E. Moss, sold to H. P. Weir and his assigns all the timber then standing and growing on 331 acres of land, situated in Tyler county, belonging to them. Whatever title Weir acquired under this conveyance passed to John H. Broocks by Weir's conveyance to him. The deed conveying the timber, omitting its formal parts and the description, is as follows:

"For and in consideration of the sum of nineteen hundred and eighty-six dollars to us in hand paid by H. P. Weir, of San Augustine county, Texas, have granted, sold and conveyed, and by these presents grant, sell and convey unto the said H. P. Weir, all of the timber now standing and growing on three hundred and thirty one (331) acres of land situated in the county of Tyler, state of Texas. (Being the land described in the deed.) It is further agreed that the said H. P. Weir, or his assigns, shall have from this date three (3) years in which to cut, fell and remove said timber, from said land, as above described, and if at the expiration of said three (3) ——— the said H. P. Weir, or his assigns, have not cut and removed said timber an additional term of two (2), or so much thereof as may be required, is to be granted on payment of 10 cents per acre per annum for each additional year that may be taken to remove said timber beyond the time originally granted in this contract. And it is further agreed, that the said Weir, or his assigns, shall have the only and exclusive right to build upon said land a tramroad, wagon road and railroad, a right of way 60 feet wide is hereby granted for said railroad or tramroad to remove said timber and timber on tracts adjacent and beyond; provided that said railroad, tramroad or wagon road shall not run through any of the cultivated land without special agreement. The said Weir, or his assigns, shall pay the taxes upon the timber on the land hereby conveyed which occurs on and after January 1, 1907; after the timber on said land has been cut off and all improvements, such as railroads or tramroads, removed. Then all timber rights to said Weir, or his assigns, shall be forfeited. To have and to hold, all and singular, the above-described timber, with all the rights thereto, unto the said Weir or his assigns; and we do hereby bind ourselves, our heirs, our executors and administrators, to warrant, and forever defend the title to said timber against the claims of each and every person whomsoever lawfully claiming or to claim the same, or any part thereof."

Weir paid to Moss and wife in cash the consideration stated in the deed. While the deed recites that Weir should have three years from its date in which to fell and remove the timber, and the additional period of two years thereafter, or so much thereof as may be required to remove the timber, by the payment of 10 cents per acre per annum for each additional year, the real agreement was that Weir should have five years to cut and remove the timber and two years additional by paying 10 cents per acre per annum for the added time. Neither Weir nor his assignee, Broocks, cut or removed any of the timber during the five-year period, nor until a short time before the expiration of the additional period of two years, when Broocks, through his agent, B. B. Barlow, entered upon the land and began to fell the timber and to cut it into sawlog lengths; his purpose being to raft the timber to Beaumont and sell it to lumber manufacturers. At the expiration of the full period in which Broocks had to remove the timber—that is to say, seven years after the date of the deed—Broocks had felled and cut into sawlog lengths 101,000 feet of lumber, of the stumpage value of $3 per thousand feet. Jack Moss then brought this suit against Weir, Broocks, and Barlow in the form of an action of trespass to try title for the recovery of the land described in the deed, and sought and obtained a temporary injunction against the defendants restraining them from further cutting the timber and from removing any of the timber that had been felled by Barlow, the agent of Broocks. The defendants afterwards sought to have this injunction dissolved, but were unsuccessful.

Defendants Weir and Barlow filed answers in which they disclaimed any interest in the timber or land. Defendant Broocks answered by a plea of not guilty, and further pleaded by way of cross-action that he had felled 124,000 feet of timber before the expiration of the seven years in which he was, by the terms of the deed, entitled to cut and remove the timber, and that he was the absolute owner of the same, and that plaintiff had thereafter appropriated the same, and he prayed for judgment against plaintiff for its value.

Plaintiff dismissed as to defendant Barlow, and a trial of the case before the court without a jury resulted in a judgment in favor of plaintiff against defendants Weir and Broocks for the land sued for, and for the timber thereon, and perpetuating the injunction theretofore granted. From this judgment the defendant Broocks alone has appealed.

[1, 2] The controlling questions presented on this appeal arise upon the construction of the deed, and are these: (1) Did the deed convey a fee-simple title to the timber, and, for sustenance thereof, an interest in the land; or (2) did the deed convey the timber as personal property to be removed within seven years from its date? Preliminary to a discussion of these questions we shall dispose of another upon which appellant lays considerable stress.

It will be observed from what has before been stated that the deed contains two apparently conflicting provisions, viz.: (a) That the grantees should have seven years within which to fell and remove the timber; and

(b) that the right to fell and remove the timber should be forfeited after the timber had been cut off and all improvements put upon the land by the grantee had been removed. Appellant contends that this last provision evidences the right of the grantee to the timber until such time as it had been removed, even if not removed within the time fixed in the deed, and that until it was removed his right thereto was not impaired by the time limit fixed for such removal. The testimony is undisputed that the grantee placed no improvements upon the land, and consequently there were none to remove, so that part of the provision is out of the case.

It is a well-known rule of construction of written contracts that the entire writing and all of its provisions must be construed together, and all be made to harmonize, where this is possible. We think that the provisions, when properly construed, are not in conflict. The grantors simply intended to give the grantee five years unconditionally within which to remove the timber, and two years additional time, or as much thereof as might be necessary, if the timber had not been cut and removed within the five-year period; and we think that by the insertion of the provision, "after the timber on said land has been cut off, * * * then all timber rights to said Weir or his assigns shall be forfeited," it was intended to mean, and that the parties so contracted, that, if the timber should be cut and removed before the expiration of the time prescribed, such rights in the land as were granted by the deed should then end. It was shown on the trial that the timber purchased was such as was suitable for being manufactured into lumber; and we think that by the insertion of the clause quoted it was intended that in the event such timber should be felled and removed in a shorter period than that expressly given—and the evidence shows that all of it could have been removed within eight months—the rights conferred by the deed then ceased. In other words, it was intended by the grantor that should the grantee remove the timber within a shorter period than that provided, to preclude him from re-entering upon the land to remove timber which previously had not been of suitable size for manufacture into lumber, but which, before the expiration of the longest time fixed by the deed, had grown to such size. This construction harmonizes the provisions and permits both to stand.

[3] The question then recurs: Did the deed convey a fee-simple title to the timber, and, for sustenance thereof, an interest in the land? We think not. Taking the deed with all of its provisions, we think that it granted only the right to cut and remove the timber and fixed a period within which this might be done, after the expiration of which time the right ceased. There is no doubt that the deed granted rights which could have been enforced by the grantee or his assigns, by complying with the terms prescribed, and that these rights could have been exercised at any time within the limits fixed by the contract. But we do not think that when the parties themselves agreed as to the time within which the rights might be exercised, and when it is clear that it was intended that such rights should not be exercised after a given time, the courts should ingraft upon the contract, by construction, a meaning that the parties did not intend to give it. This is not like the case of Lodwick Lumber Co. v. Taylor, 100 Tex. 270, 98 S. W. 238, 123 Am. St. Rep. 803, for there the owner sold, in fee simple, the timber on his land, unconditionally, and without stipulation of any kind to indicate that the timber was sold as personalty; and it was held that the title to the timber passed absolutely to the purchaser, and that the conveyance carried with the title to the timber the right to the use of the soil for its sustenance, and of entry upon the land for its enjoyment, and that no such limitation as that the timber must be removed within a reasonable time could be imported by construction. But here a time was fixed within which the grantee might exercise the right to cut and remove the timber; and we think that this case falls therefore within that line of cases which hold that a deed conveying timber, and fixing a period within which it may be removed, is, in effect, a conveyance of only such of the timber as is actually removed within the time limit prescribed. Carter v. Clark, 149 S. W. 278; Beauchamp v. Williams, 115 S. W. 133; Lodwick Lumber Co. v. Taylor, 99 S. W. 195; 28 Am. & Eng. Ency. Law (2d Ed.) 543. It follows therefore that it is our conclusion that the deed conveyed the standing trees as personalty only, and that the effect of failure of the appellant to remove them within the period prescribed in the deed worked a forfeiture of his right to the timber not so removed. Beauchamp v. Williams, supra.

[4] But quite another question arises upon the right of appellant to the timber which had been felled and cut into sawlog lengths by him before the time limited in the deed had expired, and the removal of which by appellant was prevented by the injunction sued out by the appellee. This timber had been severed from the soil at a time when the appellant had the right under the deed to cut and remove it, and it thereupon became personalty. It had been paid for in advance, and the title to it upon its severance became vested in appellant. 32 Cyc. 673; Lancaster v. Roth, 155 S. W. 601. Appellee admits that he appropriated this timber to his own use and benefit. The proof shows that the timber as cut into sawlogs measured 101,000 feet, and was of the reasonable market value of $3 per thousand feet, amounting to $303. We think that under these facts the court should have rendered a judgment in favor of appellant and against the appellee for the

value of the timber cut before the expiration of the time limited in the deed.

Our conclusion is that so much of the judgment of the court below as is in favor of the appellee for the land and the standing timber remaining upon it should be affirmed, and that that part of the judgment which denied to appellant a recovery for $303, the value of the felled timber, should be reversed and judgment should be here rendered against the appellee and J. M. Sumrell and J. A. Mooney, the sureties on his injunction bond, for said sum, and it has been so ordered.

Affirmed in part. Reversed and rendered in part.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes