## GINNERS' MUT. UNDERWRITERS ASS'N v. FISHER. (No. 282–3526.)*

(Commission of Appeals of Texas, Section A. March 15, 1922.)

Insurance ⟨⟩141(2)—Letter to insured accompanying policy held not to waive provision of policy making prepayment of premium a prerequisite to taking effect of policy.

Provision of fire policy requiring prepayment of premium as a prerequisite to the taking effect of the policy was not waived by letter accompanying policy demanding a remittance of amount of premium in the event of acceptance of policy without mentioning time in which remittance was to be made.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by R. C. Fisher against the Ginners' Mutual Underwriters Association. Judgment for plaintiff affirmed by the Court of Civil Appeals (222 S. W. 285), and defendant brings error. Judgments of district court and of Court of Civil Appeals reversed, and judgment rendered for defendant.

Locke & Locke, of Dallas, for plaintiff in error.

E. W. Merritt, of McKinney, and White, Cartledge & Wilcox, of Austin, for defendant in error.

SPENCER, P. J. Defendant in error, R. C. Fisher, instituted this suit and recovered judgment against plaintiff in error, Ginners' Mutual Underwriters Association, upon a fire insurance policy issued by the latter and delivered to defendant in error under circumstances as will be hereinafter set forth.

The record reveals that the Tipps Company, a corporation, and the Gullet Company, a corporation, each held a mortgage upon the property or certain parts of it at the time the application was made by Fisher for insurance. The policy contained a provision that any loss or damage ascertained and proven to be due the assured under the policy should be payable to these companies, as their interest might appear. They refused to join as plaintiffs to the suit and were made parties by Fisher in order to have their interests adjudicated.

The Gullet Company was discharged upon a disclaimer filed by it. Judgment was rendered against plaintiff in error in favor of Walter Tipps Company for the amount found to be due the latter by Fisher.

The facts, briefly, are: Ellison, an agent of plaintiff in error, solicited an application of insurance upon Fisher's ginning plant. Fisher desired insurance and signed an application giving a brief description of the property and containing a statement showing the incumbrances and indebtedness

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied May 10, 1922.

against the property. This application was forwarded to the company's headquarters for attention. The application contains no reference to the rate to be applied, nor as to how the amount was to be distributed among the various items of property constituting the ginning plant, nor does it contain a provision for the benefit of the mortgagees.

The company sent Fisher a policy accompanied by the following letter:

"August 28, 1916.

"R. C. Fisher, Frisco, Texas—Dear Sir: We have your application and in reply we are handing you herewith policy No. 41,649 for $5,000.00 for the year ending August 24, 1917, and bill for the premium, $150.00 which amount you will please remit to us if the policy is satisfactory; if it is not satisfactory, kindly return it promptly and oblige,

"Yours truly,

"[Signed]  Dabney White, Secretary."

On the front page of the policy is shown the amount of insurance, the rate and amount of premium; also the distribution of insurance among the various items constituting the ginning plant and a clause protecting the interest of the mortgagees.

A copy of the constitution and by-laws, which was attached to the application, and also the policy, contained this provision:

"Art. 12. It is mutually understood and agreed that the payment of loss to any member is contingent upon said member having paid his deposit as required."

The policy contained this clause:

"This policy does not become effective or binding on either party until the premium is paid."

The court based its judgment upon the special findings of the jury: That Fisher accepted the policy at the time it was received; that he intended to keep it and pay the premium thereon; and that plaintiff in error waived the provision of the policy to the effect that it should not become a binding contract until the first premium was paid.

The judgment was affirmed upon appeal. 222 S. W. 285.

Let it be conceded for the purpose of disposing of the case, but without deciding the question, that White, as secretary of the company had the power to extend credit, notwithstanding the terms of the by-laws incorporated in and forming a part of the policy. Defendant in error pleaded that the plaintiff in error had a custom of extending credit to its various members. There is no evidence in the record, however, supporting this allegation, nor is there any evidence warranting a finding that any act done by the company's officers, or agents, and relied upon by defendant in error, would operate as an estoppel against it in the matter of insisting upon the provision of the contract requiring the prepayment of the premium as a prerequisite of the taking effect of the policy. Defendant in error testified that he was not familiar with the manner in which the business of the company was conducted, and that he did not read the letter written by White. The only act of the company relied upon by defendant in error as constituting a waiver was this letter written by White as secretary of the company. Defendant in error's right of action depends, therefore, upon the construction given this letter.

The policy inclosed with the letter was a proposition to insure requiring an acceptance by the defendant in error. As the letter accompanied the policy, it must be construed in connection with it. If in terms the letter conflicts with the policy, the former will govern in determining the rights of the parties. The letter does not expressly or by fair implication state that any credit is extended. Upon the question of when the premium is to be paid it is absolutely silent. It simply demands a remittance in the event of an acceptance of the policy without mentioning any time in which to make it. The policy does, however, deal with the question as to the time of the payment of the premium, and therefore it should be looked to in determining the issue. The by-laws of the company incorporated in and forming a part of the policy clearly and positively require the prepayment of the premium as a prerequisite to the taking effect of the policy. There is nothing in the letter which in unequivocal language or by inference sets at naught this substantial provision of the contract or in any manner conflicts therewith. The policy simply speaks where the letter is silent.

Fisher could not become a member of the company without complying with the requirement as to the prepayment of the policy, unless such provision was waived, of which there is no evidence.

We recommend, therefore, that the judgment of the district court and of the Court of Civil Appeals be reversed, and the judgment here rendered for plaintiff in error.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.