## CLARK & JOHNSON v. HAMILTON.
### (No. 2262.)

Court of Civil Appeals of Texas. El Paso.
April 18, 1929.

Geo. Q. Youngblood and Jno. H. Thomas, both of Dallas, for appellants.

Burgess, Burgess, Chrestman & Brundidge and H. A. Bateman, all of Dallas, for appellee.

HIGGINS, J. The appellee, Mrs. Hamilton, leased to appellants, Clark & Johnson, a building, in the city of Dallas, and the unimproved portion of the lot back of the building, for a term of five years.

After the expiration of the term Mrs. Hamilton brought this suit against the lessees to recover, among other items, the cost of certain repairs made, or necessary to be made, by her upon the building in order to place it in a state of good repair. She based her action upon an alleged express covenant of the tenants to make such repairs during the term of the lease. A copy of the contract was attached to the petition as an exhibit and made a part thereof.

The case was submitted upon special issues, and upon the findings returned she recovered judgment for the cost of the repairs.

█ In the absence of a statement of facts we must look to the petition and verdict to determine whether judgment was rightfully rendered for the cost of such repairs. Howeth v. Anderson, 25 Tex. 557, 78 Am. Dec. 538.

It is conceded in appellant's brief that the lease was upon a printed form, with a typewritten paragraph added at the end.

The second paragraph in the printed form provides:

"2. That the Lessees shall take good care of the property and its fixtures, and suffer no waste; and shall, at * * * expense and cost, keep said premises in good repair; keep the plumbing work, closets, pipes and fixtures belonging thereto in repair; and keep the water pipes and connections free from ice and other obstructions, to the satisfaction of the municipal and police authorities, during the hereby granted term of five (5) years and at the end or other expiration of the term shall deliver up the demised premises in good order and condition, natural wear and tear and damages by fire and the elements only excepted."

The typewritten paragraph reads:

"The lessees agree to make all needed repairs on the building now on said premises and to paint same at once with two coats of good paint, to keep same in good repair and repaint same again with two coats of good paint before expiration of this lease."

In the second paragraph there is an unfilled blank, in consequence of which the quotation does not clearly disclose at whose expense the premises were to be kept in good repair, but from the paragraph as a whole in connection with the typewritten portion it is evident the repairs were to be made by and at the expense of the lessees.

The jury found appellants did not make needed repairs, and fixed the aggregate cost thereof at $237.50. However, it was also found such "repairs were made necessary by the damage of either the natural wear and tear or the elements" as those terms were defined in the charge.

It is shown by the judgment the court regarded this latter finding as immaterial and

disregarded it. This the court properly did if under the contract the lessees were bound to make such needed repairs during the term as were rendered necessary by natural wear and tear and the elements.

It is not questioned by appellants that the repairs were needed, proper, and necessary to keep the premises in good repair, but their contention is that since the jury found the repairs were necessitated by natural wear and tear or the elements, they are not liable therefor. This position is predicated upon that portion of the second paragraph of the contract which obligated the lessees at the end of the term "to deliver up the demised premises in good order and condition, *natural wear and tear and damages by fire and the elements only excepted.*

█ It is of course true, as appellants assert, the intention of the parties is to be determined by a consideration of the contract as a whole, but it is also true that provisions in the contract apparently conflicting are to be reconciled and harmonized, if possible, by any reasonable interpretation and the contract as a whole given effect. Thompson v. Waits (Tex. Civ. App.) 159 S. W. 82; Broocks v. Moss (Tex. Civ. App.) 175 S. W. 791.

█ In the second paragraph there are two covenants by the lessees, viz.: (1) A covenant to keep in good repair. (2) A covenant to surrender at the end of the term in good order and condition, natural wear and tear, etc., excepted. By the last and typewritten portion of the contract the lessees covenanted to make all needed repairs in the building and keep same in good repair. To this latter covenant there are no exceptions.

As we view the contract, the exceptions as to natural wear and tear and damages from the elements qualifies the second mentioned covenant, that is, to surrender the premises in good order and condition at the end of the term, and is not a qualification of the other covenant to repair which is twice contained in the contract.

In other words, the lessees covenanted to make all needed repairs on the building and keep the same in good repair, and in such repaired condition to surrender in good order and condition, natural wear and tear and damage by fire and the elements alone excepted. As, thus interpreted all of the terms of the two covenants are harmonized and made effective.

Very similar covenants were so construed in Gould v. Springer, 206 N. Y. 641, 99 N. E. 149, and Lockrow v. Horgan, 58 N. Y. 635. See, also, 16 R. C. L., title "Landlord and Tenant," § 606.

We are therefore of the opinion that under the terms of the lease contract the court properly treated as immaterial the finding that the repairs in question were necessitated by natural wear and tear or the elements.

█ The only remaining question in the case relates to the allowance of an item of $112.50, the rental value of a small portion of adjoining land owned by appellee, not covered by the lease, but which was used and occupied by appellants without the consent of appellee.

The proposition relating thereto is regarded as unsound. In any event it presents no error, for the reason it is based upon an issue of fact not embraced within the jury's findings, and, in the absence of a statement of facts, it cannot be determined whether the evidence establishes the fact assumed in the proposition.

Affirmed.