## TYLER MUT. FIRE INS. CO. v. ELLINGTON. (No. 3779.)

Court of Civil Appeals of Texas. Texarkana. Jan. 13, 1930.

Rehearing Denied Jan. 23, 1930.

Butler, Price & Maynor, of Tyler, for appellant.

O'Neal & Harper, of Atlanta, for appellee.

WILLSON, C. J. (after stating the case as above).   The provision in the policy that it should not "become effective or binding on either party" thereto until the premium thereon had been paid was a valid one (Ginners' Mut. Underwriters' Ass'n v. Fisher [Tex. Com. App.] 238 S. W. 207, 208), and, if it ought to have been given effect, the judgment should have been in appellant's favor, instead of against it, for it conclusively appeared that the premium had not been paid at the time the fire occurred.

The trial court was of opinion, it seems, that the provision was never operative because of another provision in the policy, to wit, the one with reference to suit thereon in Tyler, Tex., set out in the statement above, and of opinion, further, that, if the provision in question was not rendered inoperative by the one with reference to suit in Tyler, appellee's failure to comply with it was waived by appellant. We do not think the judgment is sustainable on either of those grounds.

  As to the provision that suit should be filed against a member in Tyler if he failed to pay a premium "when due or within 30 days after becoming due," it is evident it was intended to apply to a case where by agreement of the parties payment of the premium had been deferred to a time after the policy became effective, and not to a case like this one, where the premium was to be paid before the contract should become effective. The two provisions, in that view, are not inconsistent with each other, and the rule applicable therefore required both to be given effect. Thompson v. Waits (Tex. Civ. App.) 159 S. W. 82; Harrison Bldg. Co. v. B. F. Dittmar Co. (Tex. Civ. App.) 4 S.W.(2d) 1038; Clark v. Hamilton (Tex. Civ. App.) 16 S.W.(2d) 833; 2 Elliott on Contracts, 787 et seq.; 6 R. C. L. 837 et seq.

As to the other ground of the conclusion of the trial court, we think appellee failed to discharge the burden resting upon him to prove that appellant waived the provision in the policy that it should not be effective until the premium was paid. The court's conclusion was based upon his finding that the policy was "unconditionally delivered" to appellee when appellant sent it to him October 4, 1928, his finding that it was the "common custom and practice" of appellant acting by its secretary, Dabney White, to waive the provision in question, and his finding that appellant "by its conduct, letters, and practice" caused appellee to believe, "and in truth and in fact did assure him, that his contract of insurance here sued upon was in full force and effect and that his gin property was protected thereby," and that appellant agreed to be bound by the contract of insurance, despite the provision of the policy relative to repayment of premium.

The finding that the policy was "unconditionally delivered" was in the face of the fact that it was dated ahead of the time it was sent, contained the provision in question, and was accompanied by the letter of October 4, 1928, from appellant, set out in the statement above, asking appellee to send "the necessary premium of $157.50."

  It is true appellee as a witness testified he had not read the policy at the time the fire occurred, and did not know it contained the provision in question. But he failed to either plead or prove facts "legally sufficient to excuse him for failing to read or know the contents" of the policy, and therefore was not in a position to claim anything on account of his ignorance of the existence of the provision. Southern Surety Co. v. Benton (Tex. Com. App.) 280 S. W. 551; National Life Ins. Co. v. Sikes (Tex. Civ. App.) 7 S.W. (2d) 154.

  Chargeable, as appellee was, with knowledge of the provision, and requested, as he had been, in the letter which accompanied the policy when appellant sent it to him, to remit the amount of the premium, and in the absence, as was the case, of other evidence relevant to the matter, we cannot agree with the trial court that it appeared appellant had waived the prepayment of the premium and was in the attitude of having "unconditionally delivered" the policy to appellee. As we view it, the exact contrary appeared, to wit, that appellant had not waived such prepayment, but by dating the policy far enough ahead of the time it sent same to appellee to enable him to pay the premium and have it become effective on the day of its date, and by requesting appellee in the letter it sent with the policy to remit the premium, had advised him it was in the attitude of insisting on a compliance by him with requirement of the provision. Ginners' Mut. Underwriters' Ass'n v. Fisher (Tex. Com. App.) 238 S. W. 207.

  The finding that it was the "common custom and practice" of appellant's secretary, Dabney White, to waive the provision in question, was based on testimony of appellee as a witness in his own behalf that, the year before the policy in question here was issued, appellant issued him a policy insuring the gin, that he did not pay the premium thereon until 15 or 20 days after he received it, and that appellant made no complaint because he did not sooner pay the premium, and testimony of the witnesses Baker and Pritchett that appellant issued to them, respectively, policies on gins, and that they, respectively, without complaint on the part of appellant, at times had delayed paying the premiums as long as from three weeks to two or three months. We do not regard the testimony referred to as of any probative force, for nei-

ther appellee nor either of the witnesses named testified to anything showing that appellant, after a loss occurred, ever recognized as effective and binding on it a policy it issued containing a provision like the one in question. The fact that it issued such policies, and, having notified the holders of the amount of the premium and requested payment of same at the time it delivered the policies, failed to renew its demand for such payment, was of no probative force, for it had a right to rely on the provision that liability on its part would not begin until such holders paid the premium on their respective policies. Patrick v. Association (Tex. Civ. App.) 256 S. W. 666.

█ The finding that appellant "by its conduct, letters, and practice" caused appellee to believe that the policy was in force, notwithstanding he had not paid the premium, and notwithstanding the provision in it that it should not be effective until he paid same, was without evidence to support it, we think. The "conduct, letters, and practice" relied upon was that hereinbefore referred to, for there was none other shown by the evidence. In none of that conduct and in none of those letters have we been able to see anything warranting the assumption that appellant was in the attitude of waiving a compliance by appellee with the provision in question.

As we see it, the judgment should not have been in appellee's favor. It will be reversed, and judgment will be here rendered that he take nothing by his suit against appellant.