**GINNERS' MUT. UNDERWRITERS ASS'N OF TEXAS v. PICKARD.**

**No. 776.**

Court of Civil Appeals of Texas. Eastland.

Dec. 19, 1930.

Rehearing Denied Jan. 16, 1931.

Butler, Price & Maynor, of Tyler, for appellant.

Grindstaff, Zellers & Hutcheson, of Weatherford, for appellee.

HICKMAN, C. J.

Appellee, J. Tom Pickard, applied to appellant for a fire insurance policy covering gin products, including seed cotton, cotton seed, bagging, and ties. The policy was issued and mailed to him from the offices of appellant at Tyler, Tex. This policy was not entirely satisfactory to him. It failed to state the location of the property, and covered a period of six months, making the expiration date March 1, 1930, while appellee only desired that the policy run for a period of four months, expiring on December 31, 1929. These objections to the policy were made known to appellant by appellee in a letter dated September 2, 1929. Replying to this letter appellant issued and mailed to appellee another policy in compliance with the requirements. This new policy was received and accepted by appellee, and the next day after its acceptance the property covered by the policy was damaged by fire. Appellee instituted suit against appellant on the policy. The case was tried before the court without a jury, resulting in a judgment in favor of appellee for $1,502.70. The appeal is from that judgment.

No findings of fact and conclusions of law appear in the record. The only defense urged by appellant below and presented here is that the policy was not effective or binding upon it at the time of the fire, because appellee had not paid any premium deposit on the policy. The particular provision of the policy relied on as a defense to liability is article 12 of the by-laws of the association, which by-laws are expressly made a part of the policy and copied therein, and which article reads as follows: "It is mutually understood and agreed that this contract of insurance shall not become effective or binding on either party thereto until the required deposit shall be paid either by cash or note to said secretary, and if a note be accepted as premium deposit, and it is not paid at maturity, this contract of insurance shall immediately cease to be effective or binding on either party thereto, until said note is paid according to its terms and conditions."

The first policy issued by appellant to appellee showed on its face the amount of the premium to be $60.90, and the letter transmitting said policy contained this language: "The state rate on this policy figures $60.90, and I am asking you to sign and send me the enclosed note for this amount." As noted, this rate covered a period of six months.

The second policy, being the one accepted and upon which this suit was instituted,

was transmitted in a letter which does not mention the amount of the premium or contain any character of condition upon which same was delivered. Neither the amount of the premium nor the premium deposit required was stated in this policy. At the head of the policy was a blank for the insertion of the amount of the premium, and also of the premium deposit required, but these blanks were not filled in. The policy was delivered unconditionally and provided on its face that: "In consideration of the stipulations herein named, and the payment by the assured of the necessary premium *when due,* 'The Tyler Mutual Fire Insurance Company of Tyler' does insure J. Tom Pickard, Weatherford, Texas, *from acceptance by assured* of this policy of insurance to the 31st day of December, 1929, at noon. * * *" (Italics ours.)

■ The evidence discloses that the amount of the premium for the short-term policy of four months was less than that of the original policy of six months. It is the contention of appellant that, by the first policy and letter transmitting same, appellee was advised that the amount of the premium was $60.90, and that, as a condition precedent to the taking effect of the corrected policy, this amount, or a note in lieu thereof, should have been remitted to it by appellee. This contention assumes that the words "deposit" and "premium" are synonymous. With this assumption, article 12 of the by-laws above quoted is construed just as if it provided that the policy should not be effective until the premium was paid. We cannot so construe this provision. The policy does not disclose what meaning was to be given the word "deposit," but it clearly discloses that some meaning different from "premium" was intended. At the head of the policy was printed the following: "State rate premium ———. Premium deposit required ———." This clearly indicates that, whatever might have been the sense in which the word "deposit" was used, it was not in the sense of "premium." We are therefore of the opinion that there was no provision of the policy under which same was of no effect until the premium was paid, and the defense based upon such construction of article 12 of the by-laws above quoted cannot be sustained.

■■ Should we be mistaken in this view, then the language of the policy is ambiguous. It is clearly susceptible of the construction that no premium deposit was due appellant unless same was required by it. Such construction should be given the policy, for it is a rule of construction many times announced and applied by our courts that, if the language of an insurance policy is susceptible of more than one construction, it should be construed strictly against the insurer who prepared it, and liberally in favor of the insured. An application of this rule

herein leads to the conclusion that the policy should not be held to be ineffective on account of appellee's failure to pay a premium deposit where none was required.

■ We are further of opinion that appellee's plea of waiver was supported by the evidence. The policy was delivered unconditionally. It provided on its face that it was issued in consideration, among other things, of the payment by appellee of the necessary premium when due. Appellee was not advised either of the amount of the premium or of the amount of any required deposit, or of the time when payment was due. The policy also provided that the period covered thereby was from its acceptance by delivery to December 31st thereafter. It is not disputed that appellee accepted the policy and later sustained a loss in the amount of the judgment rendered. Appellant could not make an unconditional delivery of its policy containing these provisions and then escape liability thereunder by virtue of a provision that same should not be effective until a required deposit should be paid, when it never required any deposit at all. German Ins. Co. v. Everett (Tex. Civ. App.) 36 S. W. 125; Provident Savs. Life Assur. Soc. v. Oliver, 22 Tex. Civ. App. 8, 53 S. W. 594; Bankers' Reserve Life Co. v. Sommers (Tex. Civ. App.) 242 S. W. 258; Metropolitan Life Ins. Co. v. Gibbs, 34 Tex. Civ. App. 131, 78 S. W. 398; State Mutual Fire Ins. Co. v. Taylor (Tex. Civ. App.) 157 S. W. 950; Cooley's Briefs on Insurance, vol. 1, p. 757; 14 R. C. L. pp. 957, 958, § 130.

Appellant relies upon three cases. The first is Ginners' Mutual Underwriters Ass'n v. Fisher (Tex. Com. App.) 238 S. W. 207, 208. That case is clearly distinguishable for two reasons: First, the policy therein construed contained this clause: "This policy does not become effective or binding on either party until the premium is paid." No such provision is contained in the policy in the instant case. Second, the opinion states that there was no evidence of a waiver in that case, whereas in the instant case the evidence supports the plea of waiver.

Another case relied upon is Patrick v. Ginners' Mutual Underwriters Ass'n (Tex. Civ. App.) 256 S. W. 666, 668. That opinion proceeds on the theory that the prepayment of the premium was a condition of liability and holds that the evidence showed that: "It was not the purpose of the appellee to waive the clause in the contract respecting prepayment of the premium as a condition of liability." The facts in the instant case regarding waiver are materially different from the facts there considered.

The other case relied on is Tyler Mutual Fire Ins. Co. v. Ellington (Tex. Civ. App.) 23 S.W.(2d) 775. It appears that a writ of error has been granted in this case and same is now

pending in the Supreme Court. The distinction pointed out between the instant case and the other two cases relied upon by appellant applies equally to this third case.

The judgment of the trial court will be affirmed.