### SAFETY INV. CO. v. NATIONAL BOND & MORTGAGE CORPORATION.

### No. 10413.

Court of Civil Appeals of Texas. Galveston.

Oct. 14, 1937.

Rehearing Denied Nov. 11, 1937.

**1118**

Carter W. Wesley and F. S. K. Whittaker, both of Houston, for appellant.

Raymond E. Buck, Victor C. McCrea, and Mack & Mack, all of Fort Worth, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the Eleventh district court—entered in response to a jury's verdict on special issues as well as upon independent findings of the court itself from the evidence—wherein the appellee was awarded detailed recoveries in money against the appellant upon seven promissory notes the latter had given the former, together with stated foreclosures of certain deeds of trust likewise given as security for four of the notes. The cause comes here upon a transcript of the record, together with four so-called bills of exception shown to have been allowed by the trial court subsequent to its overruling of the appellant's motion for a new trial below, as well as after this court's jurisdiction on the appeal had attached by the previous filing of appellant's cost bond on the appeal. There is neither any statement of facts brought up with the record, nor did the court file any findings of fact or law; no request therefor having been made by either party.

■ The transcript thus presented discloses that appellant's major defense in the trial court had been that it was charged a usurious rate of interest upon one or all of the notes involved, that both the jury and the trial court sustained that claim in some degree, but apparently—for aught that appears to the contrary in the record—that the trial court carefully worked out, presumptively at least, all proper credits and allowances the appellee had been entitled to under the penalties prescribed in our statutes for the usury so found to have been practiced; in the absence of either such a statement of, or findings as to, the facts upon which such verdict and judgment were rendered, there is no competent evidence before this court whereby it may determine either the basis of the trial court's calculation of the credits allowed on any of the notes, or whether or not all proper credits were allowed.

■ Since it further appears from the record as so presented that the court below had jurisdiction both of the parties and of the subject-matter, that its decree was one it had the power to render under the pleadings, and that no fundamental error appears on the face thereof, it will be presumed in the appellate court, in such absence of any statement or finding as to the facts upon which it was rendered, to be correct. Clark & Johnson v. Hamilton (Tex.Civ. App.) 16 S.W.(2d) 833; Buster v. Woody (Tex.Civ.App.) 146 S.W. 689, 691; Beaumont Imp. Co. v. Carr, 32 Tex.Civ.App. 615, 75 S.W. 327.

■ As concerns appellant's contention that this court may look to its alleged bills of exceptions, these authorities are thought to establish the contrary: Rule 53 for the government of district and county courts; Parrish v. Parrish (Tex.Civ.App.) 280 S. W. 901; Roundtree v. City of Galveston, 42 Tex. 612; Cates v. McClure, 27 Tex. Civ.App. 459, 66 S.W. 224 (writ of error refused); Dull v. Drake, 68 Tex. 205, 48 S.W. 364; St. Paul Fire & Marine Ins. Co. v. Earnest (Tex.Civ.App.) 293 S.W. 677; Humble Oil & Refining Co. v. Woods (Tex. Civ.App.) 277 S.W. 152, 153, 155.

It follows from these conclusions that the trial court's judgment should be affirmed; it will be so ordered.