ANA MARÍA SUSONI DE O'NEILL ET AL., Plaintiffs and Appellants, *v.* PACIFIC WOODMAN LIFE ASSOCIATION, Defendant and Appellee.

No. 7906. Argued December 20, 1939.—Decided April 23, 1940.

524

*Arturo O'Neill* for appellants. *James R. Beverley, R. Castro Fernández* and *José López Baralt* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The present action was commenced in May 1933, by a complaint filed by the widow and the mother of deceased Francisco O'Neill, to recover the amount of a life insurance policy. It is alleged in the complaint that the policy in question was issued by the defendant "in consideration of .the sum of $32 paid in advance and payable on December 15 of each year." The defendant denied that the policy had been issued in consideration of the alleged payment of $32, or that such

sum had been paid, or, lastly, that the insurance contract was in force at the time of the death of deceased O'Neill. As special defenses the defendant pleaded substantially as follows:

(*a*) That the complaint does not state facts sufficient to constitute a cause of action.

(*b*) That when applying for a life insurance policy for $2,000, O'Neill agreed that the application subscribed by him and the constitution, bylaws and regulations of the insurance company should form part of the policy, whether or not the same were printed thereon; that the applicant further agreed that if the premium was not paid in cash at the time of signing the application, the insurance policy would be ineffective, "unless the policy is delivered during my lifetime and good health;" that on December 15, 1931, the defendant accepted the application of O'Neill and issued to him a policy in which it is stated that the policy is issued in view of the guarantees and terms of the application which forms part of the contract "and moreover on payment in advance of thirty-two dollars and upon payment of a like amount on or before December 15 of each year;" that it is further provided that the policy "shall be valid only after the same is delivered and payment is effected of the first premium during the lifetime and good health of the insured;" and that the policy so issued is void and worthless because the insured had failed to pay the stipulated premium when signing the application, or at any time prior or subsequently thereto.

(*c*) That when the insurance policy was received in Puerto Rico, the insured handed to the agent of the defendant the sum of $16.64; that should it be held that by reason of such payment the policy was in force notwithstanding the nonpayment of the first premium of $32 as stipulated, the certificate was only valid for half a year, that is, until June 15, 1932; and, lastly, that the premium covering the semester from June 15 to December 15, 1932, was never paid,

and as the insured died on December 16, 1932, on that date, pursuant to sections 57 and 63 of the constitution, bylaws and regulations of the defendant the insurance contract became extinguished and the policy void for nonpayment.

At the trial the plaintiffs introduced as their only evidence the insurance policy. The defendant filed a motion for nonsuit on the ground that the plaintiffs had failed to show the payment of the premium in advance. The District Court of San Juan sustained the motion and entered judgment dismissing the complaint. The plaintiffs appealed to this court from the above decision which was affirmed on April 15, 1936. A motion for rehearing was granted and after hearing the parties, this court, on May 21, 1937, reversed the judgment appealed from and remanded the case to the lower court for further proceedings not inconsistent with the opinion delivered through Mr. Justice Córdova Dávila and published in 51 P.R.R. 521.

After a second trial of the case, the lower court, on June 14, 1938, entered judgment for the defendant, with costs against the plaintiffs without including attorney's fees. Feeling aggrieved, the plaintiffs appealed. They assign three errors as committed by the trial court, as follows: (1) in admitting parol evidence to destroy the validity of a written contract; (2) in holding that the evidence for the defendant showed that it had not waived the clause relative to the payment in advance of the first premium; and (3) in holding that the policy was never in force.

▆▆▆▆ The insurance contract between the parties is contained in the policy and in the application subscribed by the insured. The following clause appears in the policy:

"This policy is issued in consideration of the guarantees and stipulations embodied in the application for this policy, subscribed by the insured, copy of which is attached hereto and is made part of the contract, and moreover on payment in advance of the sum of thirty two dollars and no cents ($32) and on payment thereof of a like amount on or before December 15 of each year. . . ."

Among the General Terms printed on the back of the policy and which are pertinent in the premises the following appear:

"(a) This policy shall become valid only after the same has been delivered and the first premium paid during the lifetime and good health of the insured.

"(b) No payment of premium shall be considered as having been effected unless evidenced by the official receipt of the society signed by an executive thereof and countersigned by the general agent, agent or cashier thereof.

"(k) Any debt due to the society on account of this policy, including any unpaid portion of the premium or premiums of the current year thereof shall be deducted from the insurance money payable upon the death of the insured."

In the application subscribed by Francisco O'Neill, which is made part of the insurance contract, it is stipulated:

(1) That if the first premium of the insurance applied for is not paid in cash at the time of subscribing this application, the insurance shal not be effective, *unless the policy is delivered during my lifetime and good health. . . .*" (Italics ours.)

When considering the terms and the stipulation above transcribed, this court said:

"Clause *a* definitely provides that the policy will not be effective until the first premium has been paid during the life and good health of the insured. The first clause of the application, although it establishes the same restriction, adds an exception to the provision when it says: 'unless the policy is delivered during my lifetime and good health.' It is a clear principle of insurance law which admits of no doubt, that when two clauses of a contract are conflicting, that which is in favor of the insured must prevail.

"The plaintiffs proved that they had the policy in their possession and that the same was delivered to the deceased. The legal conclusion, in the absence of proof, and none has been offered by the defendant as a motion for nonsuit was involved, is that the alleged condition precedent was waived by the delivery of the policy to the insured. This does not necessarily mean that the judgment should have been rendered in favor of the plaintiffs without further consideration of the case. The defendant may in some way prove that said condi-

tion precedent was not waived; but the plaintiffs have so far presented at least a prima facie case." 51 P.R.R. 521, 524.

Has the defendant succeeded in destroying the *prima facie* case established by the plaintiffs?

In the second trial of the case the defendant submitted the testimony of Juan B. Huyke, who testified: that he remembers having delivered the policy to Francisco O'Neill; that it is customary to deliver always the receipt with the policy; that he remembers that the receipt delivered by him to O'Neill was for one year; that O'Neill did not pay for one year; that O'Neill commissioned him to pay for one semester and that he (the witness) so informed Vientós, the head of the company; that upon delivery of the policy to him O'Neill did not pay for one year and promised to pay for six months and did pay for six months; that he did not leave with O'Neill the receipt for one year because he did not pay for one year but for six months.

On cross-examination Huyke said: that he does not remember the particulars of the transaction; that he must have delivered the policy and the first receipt; that he could not have delivered the receipt because O'Neill did not pay for a full year; that he paid only for one semester; that he left the policy with him and took the money to Vientós for the latter to make out a new receipt; that it is not known whether a new receipt was made out; that he does not remember what he said to Vientós; that when he delivered the policy to the insured the latter told him that he did not have the money on that day, that he was going to pay so as to keep the policy, so as to be entitled to the policy; that he said to him: "pay what you can" and O'Neill paid him one-half and he then delivered the policy to him.

On redirect examination, in answer to a question from counsel for defendant put to Huyke as to whether the insured paid him one-half of the annual premium or whether he paid him a semester, counsel for the plaintiffs objected on the ground that as it had been stipulated in the policy that the

premium would be paid yearly and as it had not been alleged by the defendant in its answer that such form of payment had been changed, no evidence could be admitted in order to prove a variation which was not alleged. The court held that as the witness had answered on cross-examination that the insured had paid one-half of the premium, the defendant is entitled on redirect examination to inquire as to how much of the premium was paid. The plaintiffs took exception. The witness went on testifying and said that in his opinion, to pay half the yearly premium or to pay a semester amounts to the same; that the amount of a semester is always a little more than half the yearly premium; that O'Neill delivered to him $16.64; *that he did not enter into any agreement with the insured to change the form of payment; that he was under the impression that O'Neill was going to pay the balance of the premium within a few days.*

In a deposition taken in Omaha, Nebraska, John T. Yates, secretary of the defendant company at the time of the issuance of the policy to Francisco O'Neill, testified: That he was the secretary of the company and was in charge of its files from November 12, 1931, to December 15, 1932; that the defendant company issued a policy to Francisco O'Neill. The witness being asked whether any premium had been paid, the amount paid and the period of time covered by said payment, counsel for the plaintiffs objected on the ground that the witness lived in Nebraska and that it was not he who had transacted the business and therefore such facts could only be known to him by hearsay. The court allowed the question, counsel for the plaintiffs took exception and the witness proceeded: that a half-yearly payment or premium of $16.64 had been effected, and this sum covered the premium for the period from December 15, 1931, to June 15, 1932.

Counsel for the plaintiffs objected to witness Yates being asked whether the company had granted credit to the insured for the balance of the premium corresponding to the first year, on the ground that the witness could only know such

fact from hearsay, inasmuch as the insurance contract had been made with the agent of the defendant in Puerto Rico. The court held that the witness could answer regarding the contents of the records of the company, and that counsel for the plaintiffs could then submit evidence to prove otherwise. Counsel for the plaintiffs took exception and the witness stated: that the company had never granted O'Neill credit for the balance of the premium; that when application is made for a policy the applicant may, at his option, make yearly, half-yearly or quarterly payments; that he may also make monthly payments; that when filing his application O'Neill stated that he desired to make yearly payments, but that when the policy was delivered to him he only paid $16.64 covering six months; that this was permissible as being customary with the defendant, but that by doing so O'Neill bound himself to effect a half-yearly or quarterly payment on June 15, 1932. The witness testified over the objection and exception taken by counsel for the plaintiffs that the defendant never received any application from O'Neill to be granted credit for the unpaid balance of the premium or an extension of time to pay the same; that the defendant is not authorized to grant credit regarding premiums; that under sections 65 to 68 of the regulations the defendant O'Neill might have paid the arrears of the premium so as to revive the policy, but that he failed to do so; that the agent of the company in Puerto Rico was Vientós who was authorized to receive applications for policies and to receive and remit to the main office the amounts of insurance premiums in force on this Island; that the defendant never waived or modified any of the terms of the policy issued to Francisco O'Neill; that Vientós was authorized to accept half-yearly, quarterly or monthly premium payments, even though it was stated in the policy that yearly premiums had to be paid in advance; that this was not inconsistent with the terms of the policy nor with the provisions contained in the constitution, bylaws and regula-

tions which form part of the policy; but that if such thing was done, O'Neill was obliged to pay another premium or part thereof at the expiration of the term for which he had paid; that the defendant had no knowledge or notice of any act on the part of its agent in Puerto Rico that might be construed as a waiver or modification of any of the terms of the policy or of the provisions of its constitution, bylaws or regulations; that it had been advised by its agent that a half-yearly premium and not a yearly premium had been paid to it; that such acceptance can not be construed as a waiver or modification of the terms of the policy on the ground that the policy provides that the payments may be made yearly, half-yearly or quarterly; but that in the present case there were excluded from the policy the half-yearly and quarterly payments because O'Neill made it clear in his application that he desired to make annual payments.

On cross-examination Yates answered: that according to the report received from Vientós, the sum of $16.64 was paid on account of the policy upon the latter's delivery; that he does not hold any paper whatever evidencing a modification of the form of payment, for O'Neill was always entitled to make yearly, half-yearly, quarterly or monthly payments.

The defendant submitted in evidence a paper containing the constitution, bylaws and regulations of the company. Counsel for the plaintiffs objected. The lower court held that as said paper had not been transcribed in the policy nor a copy thereof attached to it, such document could not be admitted as part of the insurance contract as contrary to the provisions of section 173 of the insurance laws of Puerto Rico.

It appears from the evidence that at the time of applying for the policy O'Neill did not pay either in total or in part the first annual premium which he had promised to pay; that notwithstanding his failure to pay anything, Huyke, the agent of the company, unconditionally delivered the policy to him and that the insured then paid him a sum on account of the

yearly premium; that the agent said to the insured: "pay what you can" whereupon the insured paid one-half of the premium; that Huyke, the agent, did not enter into any agreement with the insured in order to change the form of payment; and that the agent was under the impression that the insured would pay the balance of the premiums within a few days. The deposition of the secretary of the company establishes the fact that the defendant never waived or modified any of the terms of the policy. (1) We must, therefore construe the contract between the parties in accordance with the stipulations and terms contained in the documents making it up and in the light of the acts committed by both parties.

Most of the authorities hold that the unconditional delivery of a policy amounts to the abandonment or waiver of the payment in advance of the first premium. Such waiver or abandonment might consist of acts, words, or conduct, from which the inference might be drawn that it was the intention of the company to abandon or not to insist upon the payment in advance.

The unconditional delivery of the policy made in the instant case and the acceptance of part of the premium, without at all modifying the terms and conditions of the policy and without serving notice on the insured that the policy would be valid only for the term covered by the sum paid, constitute, in our judgment, a waiver of term (a) of the policy. See: 32 C. J. 1136; *Berliner* v. *Travelers' Ins. Co.*, 53 P. 922 (Cal.); *Bankers' Reserve Life Co.* v. *Sommers*, 242 S. W. 258 (Tex.); *Ginner's Mutual Underwriters Ass'n of Texas* v. *Pickard*, 34 S.W. (2d) 641; *Aetna Life Ins. Co.* v. *Roewe*, 38 F. (2d) 393; *Wright* v. *New England Mutual Life Ins. Co.*, 163 N.E. (Mass.) 133; and Cooley's Briefs on the Law of Insurance, Vol. I, pp. 496–512.

We hold that as the policy had been delivered to the insured during his lifetime and good health, without the

company requiring the cash payment in advance of the first premium and without notifying him at all as to the invalidity of the insurance policy, Francisco O'Neill became insured, under clause (1) of the application attached to the policy, for the term of one year as stipulated in the insurance contract; and that as the insurance company had accepted the payment of part of the first premium and delivered the policy, without restricting in any way the effectiveness or duration of the insurance policy and without having canceled or sought to cancel the policy during the lifetime of the insured, we must and do hold that at the time of the death of Francisco O'Neill the policy involved in the present case was in full force and effect.

 The legal effect of the acts and conduct of the insurance company was to grant the insured credit for the unpaid balance of the first annual premium. The insured became a debtor to the company for the amount still unpaid. It was for the protection of the company as creditor for the unpaid portion of the premium that it was stipulated in clause (*k*) of the General Terms of the policy (*supra*) that any debt due to the society on account of this policy, *including any unpaid portion of the premium or premiums of the* current *year thereof* shall be deducted from the insurance money payable upon the death of the insured.

The evidence for the defendant failed to destroy the *prima facie* case made by the plaintiffs.

For the foregoing reasons, the judgment appealed from must be reversed and another rendered in lieu thereof ordering the defendant to pay to the plaintiffs the sum of $2,000 and in addition legal interest thereon at six per cent (6%) annually as from May 4, 1933, the date of the filing of the complaint, until payment thereof, and the defendant is authorized to discount from the total amount to be paid the unpaid portion of the premium agreed upon for the year covered by the insurance policy. The costs shall be imposed

on the defendant and $300, besides, as the fees of the attorney for the plaintiffs.

Mr. Justice De Jesús took no part in the decision of this case.